UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 10-cr-40048-JPG |
| FRANCIS T. DEUTSCH, | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on defendant Francis T. Deutsch's motion for modification of his restitution order pursuant to 18 U.S.C. § 3664(j)(2) (Doc. 117). He has also filed a motion for emergency consideration of that motion in light of the fact that his probation officer is using his unpaid restitution to justify denying Deutsch permission to travel outside the district (Doc. 120).

In 2011, Deutsch pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. The Court sentenced Deutsch, among other things, to pay restitution in the amount of $777,254. Deutsch did not appeal his conviction. Following a victory on a § 2255 motion, *see Deutsch v. United States*, 12-cv-1293-JPG, the Court resentenced Deutsch to a shorter term of imprisonment but left the restitution order unchanged. Again, Deutsch did not appeal.

Deutsch now seeks a reduction or elimination of his restitution order. Under the Mandatory Victims Restitution Act of 1996, in determining the restitution amount set forth in the judgment, the Court should take into account any amount the defendant has returned to the victim prior to sentencing. *See* 18 U.S.C. § 3663A(b)(1); *United States v. Malone*, 747 F.3d 481, 485 (7th Cir. 2014). It cannot, however, take into account any amount a victim has received or is entitled to receive from any other source. *See* 18 U.S.C. § 3664(f)(1)(B); *Malone*, 747 F.3d at

485. The Court may reduce the restitution amount post-judgment if a victim later recovers in a civil suit some of its loss as compensatory damages for the loss suffered because of the offense. *See* 18 U.S.C. § 3664(j)(2).

Deutsch argues that the Court should reduce or eliminate his restitution because discovery he received prior to his resentencing shows that the victims' losses were overstated and that they had already recovered more money than they had lost due to Deutsch's crime.   In other words, he argues the Court's restitution order was wrong from the get-go – or at least from the resentencing that maintained the original restitution amount.

To the extent Deutsch takes issue with the amount of the Court's original restitution order because it does not account for amounts the victims recovered prior to sentencing, the Court lacks jurisdiction to entertain that argument.   Requests for the Court to correct its errors in a defendant's sentence must be made within 14 days of entry of judgment.   *See* Fed. R. Crim. P. 35(a).   After that, the Court lacks jurisdiction to change the sentence absent other statutory authority.   *United States v. Bania*, No. 14-2317, 2015 WL 3500227, at *3 (7th Cir. June 4, 2015) (citing *United States v. Wisch*, 275 F.3d 620, 626 (7th Cir. 2001)).   The only other way Deutsch could have challenged the restitution order was before the Court of Appeals on direct appeal.   *See United States v. Hook*, 471 F.3d 766, 771 n.1 (7th Cir. 2006); *see, e.g., United States v. Dawson*, 250 F.3d 1048 (7th Cir. 2001).   But under Federal Rule of Appellate Procedure 4(b), Deutsch had 14 days following entry of judgment to file a notice of appeal, and he did not do so.   Thus, Deutsch has foregone his opportunity to challenge the restitution order entered in this case.

To the extent Deutsch believes he is entitled to a post-judgment reduction pursuant to 18 U.S.C. § 3664(j)(2) because the victims later recovered their losses in a civil suit, the Court

**ORDERS** the Government to respond on or before July 10, 2015, to any relevant portions of Deutsch's motion and supporting documentation which argue that such a reduction may be warranted. Deutsch shall have fourteen days from service of the Government's response to file a reply brief. The Court **RESERVES RULING** on Deutsch's motions (Docs. 117 & 120) pending receipt of these further filings but reminds Deutsch that the order of restitution remains valid and that he is obligated to comply with it unless and until it is reduced.

**IT IS SO ORDERED.**
**DATED:   June 10, 2015**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**